**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN MATECHAK,<br><br>                  Petitioner,<br><br>v.<br><br>STEVIE KNIGHT, et al.,<br><br>                  Respondents. | Civil Action No. 23-3369 (KMW)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on the habeas petition filed by Petitioner Steven Matechak filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As Petitioner has paid the filing fee, this Court is required to screen his petition pursuant to Rule 4 of the Rules Governing Section 2254 cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In his habeas petition, Petitioner provides little information regarding the claims he wishes to raise. Petitioner details only that he is currently confined pursuant to a conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug trafficking crime, that he was sentenced to 60 months' imprisonment in July 2019, and that he requested but was denied by prison staff an unspecified "one year off qualification." (ECF No. 1 at 1-2.) Petitioner filed an administrative challenge to that denial, but his grievance was apparently denied. (*Id.*) Petitioner does not explain the nature of this "one year off qualification," i.e., whether the qualification is

some form of credit[1] against his sentence or other reduction, nor does he provide clear information as to why he was denied this "qualification."

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Rule 2(c) of the Rules Governing Section 2254 Cases requires that a habeas petitioner in his petition "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground." Under the rule, a petitioner must present specific, particularized facts in the petition itself to "enable the [district] court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990); *see also Bullard v. Chavis*, 153 F.3d 719 (4th Cir. 1998); *Moorefield v. Grace*, No. 06-541, 2007 WL 1068469, at *2 (W.D. Pa. Apr. 5, 2007). Here, Petitioner has failed to identify the nature of the one-year "qualification" he is seeking to have applied to his sentence, nor the reason he was denied this "qualification." Without further information, this Court cannot determine whether Petitioner has presented a meritorious habeas claim, and without further information Petitioner has failed to submit sufficient factual allegations to suggest that he has a plausible claim for relief. Petitioner's habeas petition must therefore be dismissed without prejudice for failing to clearly identify his grounds for relief and the facts supporting that ground. Petitioner is granted leave, however, to file an amended petition in this case addressing these deficiencies within forty-five days.

**IT IS THEREFORE** on this        6th        day of Jule, 2023,

---

[1] Petitioner does not explicitly state or otherwise suggest that he is seeking credits under the First Step Act specifically, but it is possible that the qualification he is discussing is actually the up to one year of good time credits available under the First Step Act. To the extent he was referencing the First Step Act, however, he would not be entitled to any such credits as his crime of conviction renders him ineligible. *See Myers v. Warden*, No. 21-19952, 2023 WL 2392867, at *2 (D.N.J. Mar. 3, 2023) (finding that inmates convicted under § 924(c) are statutorily ineligible to receive First Step Act good-time credits).

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to meet the habeas pleading requirements; and it is further

**ORDERED** that Petitioner is granted leave to file an amended petition addressing the deficiencies noted in this memorandum order within forty-five days, Plaintiff's amended petition shall set forth all grounds for relief and the facts supporting each ground; and it is finally

**ORDERED** that the Clerk of the Court shall serve this Order upon Petitioner by regular mail, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge