**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN MATECHAK,<br><br>Petitioner,<br><br>v.<br><br>STEVIE KNIGHT, et al.,<br><br>Respondents. | Civil Action No. 23-3369 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the amended petition for a writ of habeas corpus filed by Petitioner Steven Matechak brought pursuant to 28 U.S.C. § 2241. (ECF No. 3.) As Petitioner previously paid the filing fee (*see* ECF Docket Sheet), this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the amended petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be denied.

**I.    BACKGROUND**

Petitioner is a convicted federal prisoner currently detained at FCI Fort Dix. (ECF No. 3 at 1.) He is currently serving a sentence for the possession of a firearm in furtherance of a drug trafficking crime in violation of 28 U.S.C. § 924(c). (*Id.* at 2.) While in prison, Petitioner completed a residential drug abuse program. (*Id.*) Based on this completion, Petitioner contends

that he is entitled to a year off his sentence pursuant to 18 U.S.C. § 3621(e)(2)(B). (*Id.*) Petitioner has been denied this reduction, however, because under BOP policy, § 924(c) convictions render a prisoner ineligible to receive the reduction. Petitioner now contends that this denial amounts to a violation of the Administrative Procedure Act and of his right to equal protection.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.   DISCUSSION

Initially, Petitioner argues that he has been improperly denied a reduction under § 3621(e)(2)(B) as he believes his § 924(c) conviction should not be considered a crime of violence sufficient to render him ineligible for the sentence reduction under the statute, and the BOP's per se rule rendering all such convictions disqualifying is arbitrary or capricious in violation of the APA. Petitioner's claim is neither novel or unique, and relies on Ninth Circuit caselaw which the

2

Third Circuit has explicitly rejected. *See Gardner v. Grandolsky*, 585 F.3d 786 (3d Cir. 2009). As the Third Circuit explained in that case, § 3621(e)(2)(B) was passed by Congress as a means to encourage offenders to enter into drug treatment programs while in prison, and the statute provides that the BOP is authorized to reduce the sentence of prisoners "convicted of a nonviolent offense" by up to a year upon the successful completion of such a program. *Id.* at 789. The statute does not explicitly define a "nonviolent offense," but the BOP adopted several successive program statements which did define disqualifying violent offenses. *Id.* at 789-90. Both the United States and the Third Circuit have upheld these policies against APA challenges, finding them sufficiently well defined to survive review as they are neither arbitrary or capricious. *Id.* at 790-93; *see also Lopez v. Davis*, 531 U.S. 230 (2001). The policies these decisions upheld included the per se rule that all firearms possession offenses, including § 924(c) convictions, constitute disqualifying violent offenses. *Gardner*, 585 F.3d at 790-93; *Lopez*, 531 U.S. at 244. In reaching its conclusion, the Third Circuit explicitly rejected the Ninth Circuit's post-*Lopez* decision in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), on which Petitioner's claim now relies. *Gardner*, 585 F.3d at 791-93. As binding caselaw thus makes it clear that the BOP has the authority under the statute to per se exclude Petitioner's offense, and that conclusion was not arbitrary or capricious, the BOP rule excluding Petitioner's offense does not violate the APA and does not exceed the Bureau's authority, and Petitioner's claims to the contrary are without merit.[1]

---

[1] The Court notes that Petitioner also failed to exhaust his claim, which generally bars this Court from granting habeas relief. *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although Petitioner argues that such exhaustion would be futile as his initial grievance did not produce results, the response he received explicitly informed him that such challenges are not made at the institutional level but through appeals to a specific BOP office. (ECF No. 3 at 5.) Thus, Petitioner never even attempted to exhaust to the office that actually hears such appeals, and he can hardly contend that exhaustion would be futile in a case where he never even provided the appropriate authority to respond. Thus, even were his APA claim not meritless, it would be subject to dismissal for lack of exhaustion.

3

In his remaining claim, Petitioner contends that it amounts to an equal protection violation that he, a prisoner confined in New Jersey, is per se barred from receiving a sentence reduction, while a prisoner in California with a similar crime may be able to receive the reduction under *Arrington*. Initially, the Court notes that, contrary to Petitioner's assertion that the sentence reduction is something to which he is constitutionally entitled, the statute did not create a constitutionally protected liberty interest. *See Dababneh v. Warden Loretto FCI*, 792 F. App'x 149, 151 (3d Cir. 2019) (quoting *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998)). Petitioner's assertion is further undercut because, as several District Courts in the Ninth Circuit have recognized, the regulation at issue in *Arrington* has since been replaced, and no reviewing court – in or out of the Ninth Circuit – has found that the new regulation, specifically enacted to correct the issues raised in *Arrington*, was procedurally flawed in the manner found by the *Arrington* court. *See, e.g., Tapia v. Smith*, No. 11-2314, 2012 WL 1366063, at *4 (D. Ariz. Mar. 14, 2012). The disparity Petitioner asserts between Ninth Circuit prisoners and those elsewhere thus appears to be illusory – it no longer appears to exist under the current regulatory scheme. Because Petitioner only proposes this illusion of a disparity to support his claim, and does not identify even a single similarly situated prisoner who was granted a sentence reduction where he was denied one, Petitioner's equal protection claim must fail. *See, e.g., Watlington ex. rel. FCI Schuylkill African Am. Inmates v. Reigel*, 723 F. App'x 137, 139 (3d Cir. 2018) (the heart of an equal protection claim is that others similarly situated were treated differently without a rational basis for the distinction); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000). As Petitioner has not shown that any similarly situated prisoner has been treated differently under the currently applicable regulations, he has failed to state a valid equal protection claim. His equal protection claim is thus without merit, and his amended petition is denied.

4

## IV.     CONCLUSION

In conclusion, Petitioner's amended habeas petition (ECF No. 3) is denied. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge